## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

CHRISTOPHER KOMONDY (Substituted
Plaintiff),

               Plaintiff,

v.

MARIO GIOCO, JUDITH BROWN, and
ZONING BOARD OF APPEALS, TOWN
OF CHESTER,

               Defendants.

No. 3:12 - CV - 250 (CSH)

**MARCH 3, 2014**

### RULING ON MOTION TO COMPEL

**HAIGHT, Senior District Judge**:

### I.  INTRODUCTION

Plaintiff Christopher Komondy brings this action on behalf of his deceased wife, Marguerite Komondy, against the Town of Chester and its zoning officials to redress alleged infringement of her federal and state constitutional rights with respect to residential property she owned at 29 Liberty Street in Chester, Connecticut (the "Liberty Street Property").  Margaret Komondy commenced this action on February 20, 2012.  Doc. 1 ("Complaint").  Upon her death in June of 2013, Christopher Komondy moved the Court to become the substituted plaintiff as executor of her estate. Doc. 41 & 42.  The Court granted the substitution and Christopher Komondy, now Plaintiff, filed an Amended Complaint, reflecting the substitution.  *See* Doc. 50 ("Second Amended Complaint").

Defendants include Mario Gioco, who at all relevant times has held the position of Chairman of the Town of Chester Zoning Board of Appeals ("Chester ZBA"); Judith Brown, an Enforcement

1

Officer employed by the Town of Chester; and the Town of Chester, a municipality within the State of Connecticut (herein collectively "Defendants"). *Id.,* ¶¶ 4-6.  Plaintiff alleges that the Defendants unlawfully enforced Chester's Zoning Regulation, § 113B.5, by directing removal of a mobile home that the Komondys placed on the Liberty Street Property while a new home was being constructed to replace their former historic home, which had been destroyed by fire on March 5, 2005.  The detailed factual background of the case is set forth in the Court's prior Order [Doc. 64], familiarity with which is assumed.

In that Order [Doc. 64] dated November 18, 2014, the Court dismissed Plaintiff's federal "takings" claim under the Fifth Amendment, holding the claim to be unripe for adjudication pursuant to the standards set forth in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985) and its progeny. Because the "takings" claim was unripe, the Court lacked subject matter jurisdiction over it; and such jurisdiction is "an unwaivable *sine qua non* for the exercise of federal judicial power," *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 321 (2d Cir. 2001) (citation and internal quotation marks omitted).

 In addition, in the Court's Order, Plaintiff was directed to inform the Court by letter whether he believes his Complaint contains any cause of action other than the federal "takings" claim and if so, whether he intends to pursue said action(s). Doc. 64, p. 18.   Plaintiff's counsel complied by sending a letter to the Court, stating that "the plaintiff wishes to pursue his remaining claims within this lawsuit and remain in federal court and will not be withdrawing his remaining claims at this time." *See* attached Letter from Rose Longo-McLean to the Court, dated December 9, 2014. Plaintiff's counsel did not describe or label his claims, merely stated that Plaintiff wishes to pursue

them.[1]

Because the case remains pending, the Court will herein address and resolve  the one currently pending motion, Defendants' "Motion to Compel" [Doc.63] pursuant to Federal Rule 37(a)(3)(B) of Civil Procedure.  The motion requests that the Court compel Plaintiff to "produce responses to the interrogatories and requests for production served on May 5, 2014." Doc. 63, p. 1. Defendants represent that they have made the requisite "good faith effort to secure responses to the interrogatories and requests for production, but to date, the plaintiff has failed to serve any responses to said requests." *Id.*  The twenty-one days for Plaintiff to respond to the motion have expired  and Plaintiff has failed to respond in any way.  *See* D. Conn. L. Civ. R. 7(a)(1) ("[u]nless otherwise ordered by the Court, all memoranda in opposition to any motion shall be filed within twenty-one (21) days of the filing of the motion" and "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion").   Moreover, Defendants have not indicated to the Court that Plaintiff has since responded to their discovery requests or that Defendants would like to withdraw their motion to compel.  As set forth below, the Court will grant the motion.

## II.  DISCUSSION

### A.    Standard of Law – Motion to Compel

Pursuant to Rule 37(a)(3), Fed. R. Civ. P.,  "[a]  party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if, *inter alia*,  "a party fails to

---

[1]  The Court notes that Plaintiff failed to label or specify any particular cause of action in his Amended Complaint [Doc. 50].  The issue of whether Plaintiff has stated any claim upon which relief can be granted is not the subject of the present motion, but may be addressed by separate motion by Defendants at a later time, should they elect to file one.

answer an interrogatory submitted under Rule 33;" or "fails to respond that inspection [of requested documents] will be permitted — or fails to permit inspection — as requested under Rule 34." [2]  Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  Moreover, a motion to compel must include an affidavit certifying that the movant has made an attempt "to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  *Id.* 37(a)(1).

In a federal civil proceeding, parties may only obtain discovery regarding a non-privileged matter that is relevant to a claim or defense involved in the pending litigation. Fed. R. Civ. P. 26(b)(1).  For this purpose, relevance is viewed broadly in that "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.  See also Sedona Corp. v. Open Solutions, Inc*., 249 F.R.D. 19, 21 (D.Conn. 2008); *Allied-Signal, Inc. v. Allegheny Ludlum Corp*., 132 F.R.D. 134, 136 (D. Conn. 1990).  Relevancy, construed liberally, creates a broad vista for discovery, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), such that a trial becomes "less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest  practicable extent," *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958).[3]

---

[2]  Rule 33  specifies the permissible  number, scope, and response time for interrogatories in general.  Fed. R. Civ. P. 33 (a)-(b).  Rule 33 also mandates that with respect to the party on whom the interrogatories are served, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  *Id.* at 33(b)(3).

Rule 34 enables any party to serve upon any other party to an action a request for documents, electronically stored information, and other "designated tangible things."  Fed. R. Civ. P. 34.

[3]  As the United States Supreme Court articulated  in *Oppenheimer Fund*:

Consistently with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a

Case 3:12-cv-00250-CSH   Document 65   Filed 03/03/15   Page 5 of 10

Nonetheless, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Thus, discovery of matters not "reasonably calculated to lead to the discovery of admissible evidence" does not fall within the scope of Rule 26(b)(1).

Furthermore, even if a discovery request seeks relevant information or material, a party served with that request may object on such grounds as: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" "(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or "(iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(i) - (iii). "To assert a proper objection on [such a] basis, however, one must do more than 'simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad.'" *Sullivan v. StratMar Systems, Inc.*, 276 F.R.D. 17, 19 (D.Conn. 2011) (quoting *Compagnie Française d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y.1984)). *See also Rajaravivarma v. Bd. of Trs. for Connecticut State Univ. Sys.,* 272 F.R.D. 315, 316 (D. Conn. 2011) (same).

Rather, "the objecting party bears the burden of demonstrating 'specifically how, despite the

---

variety of fact-oriented issues may arise during litigation that are not related to the merits.

437 U.S. at 351 (internal citation and footnote omitted). *See also generally* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26 - 131 n. 34 (2d ed. 1976) ("[T]he court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation.").

5

broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.'"  *Sullivan*, 276 F.R.D. at 19 (quoting *Compagnie Française*, 105 F.R.D. at 42).  *See also Leumi Fin. Corp. v. Hartford Acc. & Indem. Corp.*, 295 F.Supp. 539, 544 (S.D.N.Y.1969) ("The burden of proof is generally on the party that objects to an interrogatory."); *Shannon v. New York City Transit Auth.*, No. 00 CIV. 5079 (RWS), 2001 WL 286727, at *1 (S.D.N.Y. Mar. 22, 2001) ("The burden is on the party resisting discovery to explain its objections and to provide support therefore."); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

Ultimately, "[t]he district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing oppressiveness, and weighing these factors in deciding whether discovery should be compelled." *Yancey v. Hooten*, 180 F.R.D. 203, 207 (D.Conn. 1998) (citations and internal quotation marks and punctuation omitted).

**B.**     **Discovery Requested in this Matter**

As recounted in Defendants' Memorandum in support of their Motion to Compel, "[o]n May 5, 2014, the Defendant, Town of Chester, served [the] 'Amended Interrogatories and Requests for Production' so as to direct them toward the Substituted Plaintiff, Christopher Komondy." Doc. 63-1, p. 1.  The questions set forth in the aforementioned discovery request were allegedly "identical to a set that had been served on the previous [P]laintiff, Marguerite Komondy." *Id.*  Plaintiff filed two

6

motions for extension of time to respond to these interrogatories and requests.  Doc. 59 & 61.  Each time, Plaintiff asserted that "[c]ounsel is in the process of ascertaining responses to such requests and needs the additional time to comply with defendants' requests."  Doc. 59, ¶ 2; Doc. 61, ¶ 2.  Each time, Plaintiff's counsel indicated that Defendants' counsel "was contacted . . . and represents that she has no objection to the granting" of the motion.  Doc. 59, ¶ 3; Doc. 61, ¶ 2.  Under those circumstances, the Court granted both motions for extension pursuant to Local Rule 7(b)(2) of Civil Procedure, allowing Plaintiff's counsel sufficient time to properly and fully comply with the pending discovery requests by extending the response deadline ultimately to August 4, 2014.  Doc. 60 & 62. To date, Plaintiff has yet to answer or respond to these interrogatories and requests for production.

As mandated by Rule 37(a)(1), Defendants assert that they have "made a good faith attempt to obtain compliance with the interrogatories and requests for production."  Doc. 63-1, p. 2. Specifically, Emily E. Cosentino, counsel for Defendants, testified by Affidavit that she sent a letter to Plaintiff's counsel, Rose Longo-McLean, "requesting that the outstanding responses to discovery be produced."  Doc. 63-2, ¶ 6.  *See also* Doc. 63-3 (Letter from Emily E. Cosentino to Rose Longo-McLean, dated August 7, 2014, asking that Plaintiff "[p]lease  comply with the requests" which "were due on August 4, 2014").  According to Defendants' counsel, Plaintiff's counsel "has not contacted the undersigned with regard to production of the responses" and  "[P]laintiff has not provided responses to the interrogatories."  Doc. 63-2, ¶ 7.  Consequently, Defendants filed the present motion to compel [Doc. 63].

Defendants do not address the substance of the interrogatories and discovery requests in their

7

motion; and provide no copy of these requests for the Court's inspection.[4]   On the other hand, Plaintiff has made no objection to the motion to compel, much less to the substance of the interrogatories and/or production requests.  Plaintiff has thus completely failed to "bear[ ] the burden of demonstrating 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.'" *Sullivan*, 276 F.R.D. at 19.  Here, no specific issue exists between the parties as to, for example, the relevance of the particular requests or the privileged nature of any items sought. Despite the extended passage of time,  Plaintiff has simply failed to respond to any interrogatory or discovery request, or to provide any reason whatsoever for absolute noncompliance.

In general, to rule on a motion to compel, the Court must have the opportunity to review the actual interrogatories and discovery requests in dispute to determine whether response or production should be required.  Such a substantive review allows the Court to resolve particular disputed discovery issues, such as relevance, scope, expense, burden, and privilege.   Here, however, no materials have been disputed, only served by one side and ignored in total by the other.   In these unusual circumstances of utter noncompliance, with no substantive dispute, the Court need not rule on issues not before it, and will grant the motion to compel.

### III.   CONCLUSION

Defendants' Motion to Compel [Doc. 63] is GRANTED.  Plaintiff Christopher Komondy is

---

[4]    The Court notes that Defendants state that  "[a] copy of their discovery requests is attached as Exhibit C," Doc. 63-1, p. 2. However, Defendants have failed to attach any "Exhibit C" to their papers.

hereby ORDERED to answer or respond to the Defendants' interrogatories and requests for production (dated May 5, 2014) on or before **March 27, 2015.**  Failure to comply with this Court's Order may result in dismissal of Plaintiff's action and/or a finding that Plaintiff and his counsel are in "contempt of court."  *See* Fed. R. Civ. P. 37(b)(2)(A)(v), (vii).

In addition, Plaintiff's failure to comply with discovery indicates a failure to prosecute. Such extended failure to prosecute the action may provide an independent and alternative basis warranting involuntary dismissal.  *See* Fed. R. Civ. P. 41(b); D.Conn. L. Civ. R. 41(a).[5]

Finally, pursuant to Federal Rule 37(a) of Civil Procedure, Plaintiff and his counsel are hereby notified that they have 14 days (until **March 17, 2015**) within which to file a written response to this Order and/or to request a hearing to show cause why they should not be required to pay Defendants' reasonable expenses incurred in making the motion to compel, including attorney's fees. *See* Fed. R. Civ. P. 37(a)(5)(A).[6]   Absent a showing that Plaintiff's failure to comply  was

---

[5]   Pursuant to Federal Rule 41(b) of  Civil Procedure, "[i]f the  plaintiff fails  to prosecute or to  comply with these [R]ules . . . a defendant may move to dismiss the action or any claim against it" and such a dismissal ordinarily  "operates as an adjudication on the merits."  Similarly, under Local Rule 41(a) of Civil Procedure,  "[i]n civil actions in which no action has been taken by the parties for six (6) months . . . , the Clerk shall give notice of proposed dismissal to counsel of record and pro se parties, if any." D. Conn. L. Civ. R. 41(a) ("Dismissal of Actions – For Failure to Prosecute").  "If such notice has been given and no action has been taken in the action in the meantime and no satisfactory explanation is submitted to the Court within twenty (20) days thereafter, the Clerk shall enter an order of dismissal." *Id.*

[6]   In general,  Rule 37  mandates that  if the Court grants the motion  to compel, it must impose the moving party's reasonable expenses and attorney's fees on the party who created the need for the motion.  Rule 37 thus provides as follows:

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

"substantially justified," or that "other circumstances make an award of expenses unjust," Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii), this Court "must" impose said costs and fees upon the party and/or his counsel "[i]f the motion [to compel] is granted," which it has been.

It is SO ORDERED.

Dated: New Haven, Connecticut
       March 3, 2015

/s/Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
Senior United States District Judge

_____

Fed. R. Civ. P. 37(a)(5)(A).