# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

CHRISTOPHER KOMONDY (Substituted
Plaintiff),

               Plaintiff,

   v.

MARIO GIOCO, JUDITH BROWN, and
ZONING BOARD OF APPEALS, TOWN
OF CHESTER,

           Defendants.

No. 3:12 - CV - 250 (CSH)

**MARCH 23, 2015**

## ORDER RE AWARD OF "REASONABLE EXPENSES" INCURRED IN MOTION TO COMPEL

**HAIGHT, Senior District Judge**:

## I.   INTRODUCTION

Plaintiff Christopher Komondy brings this action on behalf of his deceased wife, Marguerite Komondy, against the Town of Chester and its zoning officials to redress alleged infringement of her federal and state constitutional rights with respect to residential property she owned at 29 Liberty Street in Chester, Connecticut.  As part of discovery in this matter, Defendants served Plaintiff Christopher Komondy with interrogatories and production requests on May 5, 2014, but  Plaintiff never responded to these discovery requests.  Consequently, on March 3, 2015, the Court granted Defendants' "Motion to Compel" [Doc. 63] and ordered  Plaintiff to answer or respond to Defendants' discovery requests on or before March 27, 2015.  Doc. 65.

Furthermore, in the Court's "Ruling on [Defendants'] Motion to Compel" [Doc. 65], Plaintiff

1

and his counsel were notified that they had 14 days (until March 17, 2015) within which to file a written response to the Order and/or to request a hearing to show cause why they should not be required to pay Defendants' reasonable expenses incurred in making the motion to compel, including attorney's fees.  *See* Fed. R. Civ. P. 37(a)(5)(A).[1]   The Court explained that absent a showing that Plaintiff's failure to comply  was "substantially justified," or that "other circumstances make an award of expenses unjust," Fed. R. Civ. P.  37(a)(5)(A)(ii)-(iii), this Court "must"  impose said reasonable expenses, including attorney's fees, upon Plaintiff and/or his counsel because the motion to compel has been granted.

Also on March 3, 2015, the Court ordered Defendants to file, on or before March 17, 2015, proof of their "reasonable expenses," including attorney's fees, in making their "Motion to Compel." Doc. 66.  Defendants were instructed that said submissions should include contemporaneous attorney's records regarding the legal services provided in preparing and prosecuting the motion to compel.

Having received and carefully reviewed the parties' submissions in response to the aforementioned Orders, the Court now resolves the following issues:  (1) whether Plaintiff must pay

---

[1]    As stated in  Rule 37,  Fed. R. Civ. P., if  the Court grants a motion  to compel, it must impose the moving party's reasonable expenses incurred in making the motion on the party who created the need for the motion.  In particular, Rule 37 provides:

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A).

2

the Defendants' reasonable expenses, including attorney's fees, incurred in making the motion to compel and (2) what total amount, if any, should Plaintiff and/or his counsel pay to Defendants in this regard.

## II. <u>DISCUSSION</u>

### A. <u>Plaintiff's Response to Order to Show Cause</u>

In response to the Court's Order that Plaintiff and his counsel show cause why they should not be required to pay Defendants' reasonable expenses in making the motion to compel, Plaintiff, through his counsel, filed responsive papers. Doc. 67. In "Plaintiff's Response," Plaintiff "represent[ed] that his failure to comply with written discovery occurred over [a] misunderstanding of whether or not there was outstanding written discovery due to the defendants" *Id.*, at 1. In particular, Plaintiff based the alleged misunderstanding on two events: (1) the death of the original Plaintiff, Marguerite Komondy, and (2) the Court's Ruling [Doc. 64] on Defendants' "Motion for Judgment on the Pleadings" [Doc. 51].

First, Plaintiff pointed out that discovery was served on Marguerite Komondy, as the original plaintiff, on February 12, 2013. Doc. 67*,* at 1. Then "[a]n identical set of interrogatory questions was served upon the substituted plaintiff, Christopher Komondy on May 5, 2014." *Id.* "In the interim period, on June 4, 2013, the original plaintiff Marguerite Komondy died." *Id.,* at 1-2.

Any suggestion that the death of Marguerite Komondy negated Christopher Komondy's duty to respond to the interrogatories is incorrect and unpersuasive. Mrs. Komondy passed away before Christopher Komondy became the substituted Plaintiff on February 6, 2014 and before he was served with the discovery requests on May 5, 2014. If Defendants did not intend to seek responses to those discovery requests from him, they would not have served them specifically upon him.

3

Furthermore, after he was served with the interrogatories and production requests, Plaintiff twice acknowledged that his responses were due by moving for an extension of the deadline to answer or respond. Doc. 59, 61. In each such motion for extension, his counsel explicitly recognized that responses were due by a set date and "request[ed] an extension of time of thirty (30) days," asserting that "Counsel is in the process of ascertaining responses to such [discovery] requests and needs the additional time to comply with defendants' requests." Doc. 59, ¶ 2. *See also* Doc. 61, ¶ 2 ("Counsel is still in the process of ascertaining responses to such [discovery] requests and needs the additional time to comply with defendants' requests."). At no time did Plaintiff's counsel state that Christopher Komondy was unaware that responses were due. Moreover, in granting the motions for extension, the Court explicitly provided Plaintiff with set extended dates "to respond to 'Defendants' Amended Interrogatories and Requests for Production' (dated May 5, 2014)." Doc. 60 and 62 (extending deadline to respond to July 4, 2014 and to August 4, 2014, respectively). There can be no confusion that the Court directed Plaintiff to respond in each Order granting an extension.

Next, Plaintiff argues that there was a misunderstanding regarding the discovery requests in that "[p]rior to serving said interrogatories to the substituted plaintiff, the defendants filed a Motion for Judgment on the Pleadings [Doc. 51] on February 21, 2014." Doc. 67, at 2. The Court ruled on that motion on November 18, 2014, granting it in part and denying it in part. [Doc. 64]. *Id.*

The fact that the Defendants filed, and the Court granted in part and denied in part, Defendants' "Motion for Judgment on the Pleadings" also fails to support a finding that Plaintiff had reason to misunderstand that his discovery responses were due. Defendants filed their motion for judgment on the pleadings on February 21, 2014. As set forth above, Plaintiff was served with the discovery requests on May 5, 2014, and twice thereafter acknowledged his duty to respond by

4

requesting extensions of the applicable deadline.  Doc. 59 (motion to extend deadline to respond, filed May 7, 2014), Doc.  61 (motion to extend deadline to respond, filed July 3, 2014).

Furthermore, with respect to the Court's Ruling on the motion for judgment on the pleadings, that Ruling in no way negated, by statement or implication, that  Plaintiff was  obligated to respond to discovery requests.  Nowhere in that  Ruling did the Court state that discovery was stayed or terminated on any remaining pending claims.  In addition, Plaintiff never responded to that Ruling by requesting either clarification from the Court regarding ongoing discovery or relief from his obligation to respond to discovery requests.  Rather, Plaintiff's counsel wrote a letter to this Court stating that Plaintiff intended to continue pursuing his action in this Court. *See* Doc. 65-1 (Letter from Rose Longo-McLean to Court, dated December 9, 2014, stating that "[t]he plaintiff wishes to pursue his remaining claims within this lawsuit and remain in federal court and will not be withdrawing his remaining claims at this time").

Finally, by the date of the Court's Ruling on Defendants' motion for judgment on the pleadings, November 18, 2014, Plaintiff's responses to the May 5, 2014 discovery requests were long overdue (by more than 3 months).  One month prior,  Defendants had reminded Plaintiff that his responses were overdue by filing a "Motion to Compel."  Doc. 63 (filed October 3, 2014).  If Plaintiff well and truly believed that  he was no longer obligated to make any responses to these discovery requests, his counsel had the duty to oppose the motion to compel on that basis.  Despite the passage of months following the filing of the motion to compel, Plaintiff failed to object or respond to that motion or to provide responses to the discovery requests.

In sum, the Court finds no credible facts to support Plaintiff's argument that he reasonably misunderstood that he was obligated to respond to Defendants' discovery requests.  Plaintiff has

failed to meet his burden of establishing that his failure to comply with Defendants' discovery requests was "substantially justified," or that there exist "other circumstances [that would] make an award of expenses unjust," Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). The Court must therefore impose Defendants' reasonable expenses, including attorney's fees, on Plaintiff and/or his counsel as the party whose conduct necessitated the motion.

In light of Plaintiff's proffered reason for failure to comply with the discovery requests, namely a "misunderstanding" regarding whether the responses were due, the Court will impose the fees expended to prepare the motion to compel on Plaintiff's counsel, Attorney Rose Longo-McLean, rather than upon Plaintiff Christopher Komondy. The Court has determined that it was Longo-McLean's conduct that necessitated the motion to compel.

Pursuant to Rule 1.1 of the Connecticut Rules of Professional Conduct, "A lawyer shall provide competent representation to a client," which "requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." Plaintiff's counsel may be fairly imputed with knowledge of the Federal Rules of Civil Procedure, including Rules 33 and 34, which mandate that a party must respond to discovery requests within thirty (30) days.[2] Longo-McLean clearly had the duty to comply with discovery requests in a timely fashion. *See* Conn. R. Prof'l Conduct 1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a

---

[2] Pursuant to Federal Rule of Civil Procedure 33, a party who has received interrogatories "relat[ing] to any matter that may be inquired into under Rule 26(b)" – *i.e.*, any matter "relevant to any party's claim or defense" – has the duty to "serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(a)(2), (b)(2). Similarly, a party to whom a request for production of documents (also within the scope of Rule 26(b)) has been directed "must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A) ("Time to Respond"). "For each item or category" of document requested, "the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." *Id.* 34(b)(2)(B).

client."). By failing to prepare and serve Christopher Komondy's responses to Defendants' discovery requests, she violated her duty to act diligently and promptly on her client's behalf.

Furthermore, it was Plaintiff's counsel's obligation to clarify and/or alleviate any misunderstanding that her client might have had with respect to the legal necessity of responding to discovery requests. *See* Conn. R. Prof'l Conduct 1.4(a)(4) ("A lawyer shall: . . . keep the client reasonably informed about the status of the matter").

Finally, in the case at bar, Plaintiff's counsel actually acknowledged in her two motions for extension that  it was her duty to assist Plaintiff "in the process of ascertaining responses to such requests" and to "comply with defendants' requests."  Doc. 59, ¶ 2; Doc. 61, ¶ 2.  She knew her client's responses were due and yet failed to ensure his compliance.  Such failure led to the motion to compel.

## B.  Defendants' Response Regarding Expenses Incurred – Reasonable Attorney's Fees

In light of Rule 37(a)(5)(A), Fed. R. Civ. P., this Court ordered Defendants, as the successful parties on the motion to compel,  "to file, on or before March 17, 2015, proof of their 'reasonable expenses' and attorney's fees" in making that motion.  Doc. 66.  Defendants have complied with the Court's Order [Doc. 66], as well as  Second Circuit authority, by submitting documentation of their contemporaneous attorney's records detailing the legal services provided in preparing and prosecuting their motion to compel.[3]  *See, e.g., New York Ass'n of Retarded Children v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983) (holding contemporaneous time records "a prerequisite for

---

[3]  The Court notes that Defendants offered no documentation regarding any other costs or expenses incurred in litigating the motion to compel.

attorney's fees in this Circuit").

In particular, Defendants' counsel provided her name and experience level (as the attorney who worked on the motion) and the dates, numbers of hours, and description of services she rendered.  *See* Doc. 68 ("Affidavit of Emily E. Cosentino, Esq. Re: Court Order No. 66") and Exhibit A [Doc. 68-1] (contemporaneous time records). In light of her legal experience (admitted more than 6 years to the Connecticut Bar and more than 4 years to this District Court) and the prevailing fee rates within this District, Attorney Cosentino's listed rate of $130.00 per hour is "reasonable."  Moreover, the Court finds that Cosentino's total expended time of 2.3 hours in preparing and prosecuting the motion to also be "reasonable."[4]

The Court will therefore employ the Second Circuit's "lodestar analysis," which calculates reasonable attorneys' fees by multiplying the reasonable hours expended on the action by a reasonable hourly rate."  *Kroshnyi v. United States Pack Courier Servs., Inc*., 771 F.3d 93, 108 (2d Cir. 2014).   The Court will award to Defendants $130.00 times 2.3 hours for a total of  $299.00 in reasonable attorney's fees with respect to their motion to compel.

## III.   CONCLUSION

Upon granting Defendants' motion to compel responses to their interrogatories and production requests (dated May 5, 2014), the Court provided Plaintiff with an opportunity to request

---

[4]   The Court notes that Exhibit A [Doc. 68-1] to Attorney Cosentino's Affidavit also listed .3 hours expended in emailing a "Mr. Stevens" of  "CIRMA" on October 10 and 31, 2014 – *i.e.*, after Defendants filed their motion to compel on October 3, 2014.  According to Attorney Cosentino, the topics of those emails were redacted "to preserve attorney client privilege." Doc. 68, ¶ 11.  Because Attorney Cosentino did not add the .3 hours relating to those emails to her total of "2.3 hours" expended in preparing the motion to compel, the Court likewise did not include them in its award of expenses. *Id.*

8

a hearing and/or to show cause why Plaintiff and/or his counsel should not be required to pay Defendants' reasonable expenses incurred in making the motion to compel.  *See* Fed. R. Civ. P. 37(a)(5)(A).   Plaintiff requested no hearing, but responded, through a memorandum filed by counsel, that he misunderstood that he was obligated to respond to Defendants' discovery requests. Such an argument lacks credibility in light of Plaintiff's two motions to extend the deadline for his responses to be due.  Doc. 59, 61.  Thereafter, his counsel knowingly missed the deadlines by failing to prepare and serve any responses.  Because Plaintiff has failed to demonstrate that his failure to comply with Defendants' discovery requests was   "substantially justified," or that "other circumstances make an award of expenses unjust," Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii), this Court "must"  impose Defendants' reasonable expenses upon  Plaintiff and/or his counsel after granting Defendants' motion to compel.

As set forth above, the Court has concluded that Plaintiff's counsel, Rose Longo-McLean was the person whose conduct necessitated the motion to compel.  She knew that her client's responses to discovery requests were due but failed to help him prepare and serve his responses.  She also failed to respond to Defendants' motion to compel.

As to the amount of reasonable expenses (*i.e.*, attorney's fees) to be imposed, Defendants' counsel has properly submitted proof of  reasonable attorney's fees expended  preparing the motion to compel in the total amount of **$299.00**.   Attorney Longo-McLean must therefore reimburse Defendants in the amount of  **$299.00** by submitting payment to Defendants' counsel  on or before April 30, 2015.  Once again, the  Court  emphasizes that  it  is solely Plaintiff's counsel, and not

9

Plaintiff himself, who is obligated to make this payment of $299.00.

It is SO ORDERED.

Dated: New Haven, Connecticut
        March 23, 2015

                                    /s/Charles S. Haight, Jr.
                                    CHARLES S. HAIGHT, JR.
                                    Senior United States District Judge

10